

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Grasty v. Devon Courtyard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Grasty v. Devon Courtyard" (2007). *2007 Decisions.* Paper 1280.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1280

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-51                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4716
_____

DIAHANN GRASTY,
Appellant

v.

DEVON COURTYARD BY MARRIOTT;
MONTGOMERY HOSPITAL*


*Amended - See Clerk's Order dated 12/8/05.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-00650)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2006

Before:   MCKEE, FUENTES AND ROTH, <u>CIRCUIT JUDGES</u>


(Filed: April 17, 2007)


_____


OPINION
_____


PER CURIAM

Diahann Grasty appeals the dismissal of her lawsuit filed in the United States District Court for the Eastern District of Pennsylvania. We will affirm.

In February 2005, Grasty filed a complaint in which she alleged a workplace personal injury. In brief summary, Grasty alleged that Devon Courtyard by Marriott ("Devon Courtyard") hired her as a housekeeper in February 2003. On February 13, 2003, she injured her right shoulder and neck while cleaning a bathtub. The next day, Grasty informed her supervisor that she was unable to work due to her injury. She remained unable to work as of February 16, 2003, but she reported to work and advised the duty manager of her injury. On February 18, 2003, Grasty was fired for missing a day of work. In the following months, she sought medical treatment by physicians at Montgomery Family Practice. Grasty's last medical appointment for her injury was in December 2003, when her doctor reviewed her MRI and EMG test results, which were normal. However, Grasty stated that prior medical tests indicated spinal disc and nerve damage, and that she continued to suffer pain, weakness, and depression, for which she requires therapy. Grasty sought $1,357,200.00 in damages for lost wages and future earnings.

Grasty named Devon Courtyard and Montgomery Hospital as defendants. Devon Courtyard filed a motion to dismiss or, alternatively, for summary judgment. Among other things, Devon Courtyard argued that the District Court lacked subject matter jurisdiction over the personal injury complaint, as there was no federal question presented under 28 U.S.C. § 1331, nor any allegation of diversity of citizenship between the parties

under 28 U.S.C. § 1332.[1]  Montgomery Hospital also filed a motion to dismiss, arguing

the same two bases for dismissal.  In addition, Montgomery Hospital argued that the

complaint stated no cause of action against it, as the complaint was devoid of any

references to Montgomery Hospital save for the caption.  Grasty did not reply to the

motions to dismiss.  By orders entered September 13, 2005 and September 14, 2005, the

District Court granted the motions and dismissed the complaint with prejudice against

both defendants.  Grasty appeals.  Appellees Devon Courtyard and Montgomery Hospital

each have filed a motion for summary action.  Grasty has not filed a response to either

motion.

This Court has jurisdiction under 28 U.S.C. § 1291.  We have carefully reviewed

the District Court record, including the complaint and the motions to dismiss.  We have

also considered the motions for summary actions currently before us.  Because this appeal

presents "no substantial question," we will summarily affirm the District Court's

dismissal of the complaint.  See 3d Cir. LAR 27.4 and I.O.P. 10.6.  The appellees'

motions for summary action are granted.

---

[1] Grasty identified herself in the complaint as having a Pennsylvania address. Grasty attempted service on both Montgomery Hospital and Devon Courtyard using Pennsylvania addresses; Devon Courtyard disputed that service was properly effected.